FAIRVIEW COAL COMPANY *v.* ARKANSAS CENTRAL RAILWAY COMPANY.

Opinion delivered July 2, 1923.

CARRIERS—DUTY TO RECEIVE FREIGHT ON PRIVATE SWITCH.—A railroad company which furnishes sufficient facilities for the receipt and delivery of freight cannot be required to receive freight on a private switch.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

STATEMENT OF FACTS.

The Fairview Coal Company, a domestic corporation, brought this suit in the circuit court against the Arkansas Central Railroad Company to recover damages for an alleged discrimination against it in the matter of receiving coal offered for shipment from the plaintiff's mine.

It appears from the record that the plaintiff is engaged in mining coal in Logan County, Ark., about three miles north of the station of the Arkansas Central Railroad Company at Paris, Ark. The defendant is a railroad corporation organized under the laws of the State

of Arkansas, and operates a line of railroad from Paris, Logan County, Ark., to Fort Smith, in Sebastian County, Ark. It maintains a station at Paris at which it has at all times maintained an agent to transact business and sidetracks upon which to store cars while being loaded with freight. The defendant also has, under private contract, maintained a private switch from its station at Paris to the Anthony Hall mine, which is situated north of Paris and within one-half of a mile of plaintiff's mine.

The plaintiff demanded that the defendant should furnish it cars on the switch at the Anthony Hall mine for the purpose of loading its coal for shipment to points in and out of the State. The defendant refused to furnish cars on said switch, as requested by the plaintiff, and this suit was filed to recover damages, as above stated.

The court found in favor of the defendant, and the complaint of the plaintiff was dismissed. Final judgment was rendered against the plaintiff in favor of the defendant, and the plaintiff has duly prosecuted an appeal to this court.

*Robt. J. White,* for appellant.

The defendant railway was bound to furnish transportation within a reasonable time for all freight offered for shipment. 6 Cyc. 372; 139 U. S. 128, 11 Sup. Ct. Rep. 128, 35 L. ed. 73; 4 Elliott on Railroads, 2287; Hutchinson on Carriers (Mechem) 291-3; 87 Ark. 331; 87 Ark. 298. Under allegations of complaint, plaintiff was bound by its custom and practice to furnish the transportation at point where freight was offered, the Hall switch, without regard to whether it was a private switch. 73 S. W. (Ky) 1038; 64 S. W. 965; 55 L. R. A. 601; 13 Fed. 5; 94 U. S. 126, 24 L. ed. 77; 221 S. W. (Ark.) 861; C. & M. Digest, § 847; 181 S. W. (Mo.) 1032; 37 U. S. Sup. Ct. Rep. 46; 36 U. S. Sup. Ct. Rep. 541; 35 U. S. Sup. Ct. Rep. 24; Stat. at L., 379, chap. 104, Compiled Statutes, 1913, § 8563; §§ 843, 844, 845, C. & M. Digest. State Commission without power to regulate interstate com-

merce, and cars demanded were for interstate shipments. 33 U. S. Sup. Ct. Rep. 263; 226 U. S. 426; 33 Sup. Ct. Rep. 174; 222 U. S. 424, 32 Sup. Ct. Rep. 140.

*Thos. B. Pryor,* for appellee.

Appellee could not be required to receive freight for shipment for appellant on the Hall private switch. 73 Ark. 373; 112 Ark. 158; 120 Ark. 579. Suit not based on discrimination, and could not be maintained for discrimination on allegations of complaint. 118 Fed. 169. Not obligated to furnish cars for appellant except at its station. Railroad Commission of Arkansas had jurisdiction. 99 Ark. 16. Act of Congress Feb. 28, 1920, Transportation Act, § 4, par. 18; C. & M. Digest, § 1618; 231 U. S. 457; 174 U. S. 343; 225 U. S. 501; 211 U. S. 612.

HART, J., (after stating the facts.) The plaintiff based its right to recover on the common-law liability of the defendant. It is claimed that the facts stated in the complaint constitute a discrimination against the plaintiff.

It appears from the record that the defendant had a station and switch tracks at Paris, where it placed cars for the purpose of being loaded with coal for shipment. The defendant had also made an arrangement for a private switch track with the owner of the Anthony Hall mine, situated about one-half of a mile from the plaintiff's mine. The alleged discrimination on the part of the defendant consisted in its refusal to place cars on the switch at the Anthony Hall mine for the plaintiff for the purpose of loading its coal for shipment.

It is well settled that a common carrier cannot be required to receive freight on or along a private switch. Its duty in that regard is confined and limited to its own station or shipping points. Where a railroad company furnishes sufficient facilities of its own for the receipt and delivery of freight, there is at common law no duty resting upon it to receive or deliver freight upon a private siding or spur track. *Gulf Compress Co.* v. *Alabama Great Southern R. Co.* (Miss.), 56 Sou. 666, and *Bed-*

*ford-Bowling Green Stone Co.* v. *Oman*, 143 Fed. 441. Therefore the court properly held that no duty rested upon the defendant to place cars on its switch at the Hall mine for the purpose of receiving the coal of plaintiff for shipment.

The right of the Railroad Commission, in a proper case, to determine whether the public necessity and convenience requires the establishment of a spur track for the public, is not involved in this case, but is discussed in *St. L. I. M. & S. R. Co.* v. *State*, 99 Ark. 1.

Judgment affirmed.